States against Evanick or Evanick however he pronounces it. Mr. Henderson. May it please the court I am here on behalf of Mr. Evanick. The parties are in agreement that the remedy here that we suggested is appropriate. So my question is whether really the only issue before us is whether we ought to acquiesce in that assessment by the parties or not because because of the supervised release conditions in particular. Right. There doesn't seem to be much on the table other than the propriety of that acquiescence. Right I think that's right the and there have been many many cases in which the court has granted joint remands for resentencing on the basis of the Thompson case. The only concern that I have is one of judicial economy. Obviously we believe that a 235 month sentence for this offense conduct is objectively unreasonable. But if it's a full resentencing which is another aspect of the parties but both cases that this court has had and another aspect of the party's agreement it seems that there would be an opportunity to argue before the new district court judge as there will be because Judge Murphy has retired whatever you want to. I mean I guess there's a 15 year statutory minimum so it's not going to go below 180. Right. No matter what. And the only concern is if the court agreed with me then telling the district court before it imposes that same sentence would you know obviate a further appeal. But it may be just more prudent at this point to send it back to the district court see what the result is assess in light of that judge's reasoning. I assume the record could be supplemented on such a remand. Right. So it seems very unwise for us to weigh in. I think it's only a matter of discretion for the court and I think that the thoughts you've expressed are very sound. So we'd ask that the court accepts the party's remand this for a resentencing. All right. Thank you. Thank you. Ms. Scott. Thank you, Your Honor. Your Honor, we would agree based on the court's statement. Would it be the government's intention to ask for a more substantial sentence? It does seem like a pretty wildly high sentence for this particular offense conduct. We would probably ask for the main sentence. We wouldn't want it to look like we were going to ask for more of a sentence because he came back on appeal. We thought 235 was appropriate at the time. We would ask for the same at the time or same if it came back on appeal. We don't believe that that was and the sentence was unreasonable because of the reasons we cited in the brief. It was not just as the defendant appellant keeps characterizing it as just a person taking four photographs of a young girl. It wasn't like they were in this girlfriend-boyfriend relationship and these were consensual photographs taken during a consensual relationship. I mean if you read her victim impact statement you'll know that the pictures were taken without her knowledge and that he would ask her once it was done. You know the impact it had on her, the impact it had on A.M. The district court's decision as to the type of sentence to give was focused on so much on the danger to the public and to the girls when he was sentenced to 235 months. He specifically said these girls won't have to worry about him anymore. But he did say specifically I would give him more time if it was not for the fact that I'm going to give him the 20 years of supervised release. So I think there's leeway for Judge Reagan to impose more time if he thinks it's adequate. I would note your honor that I assume it'll go back for a random assignment in the southern district. It's already been assigned to Judge Reagan. Yes, yes ma'am. I would note your honor that while the defendant now claims that the appropriate sentence is the 180 months, even at the original sentencing hearing his defense counsel did not believe that that was the appropriate sentence and in fact asked for a midline sentence based on... Yes, I was actually a little surprised by that, but you're exactly correct, 210. But we believe that that's the appropriate sentence since it's clear that Judge Murphy based his term of imprisonment on the length of supervised release he was going to give. We think a total resentencing is necessary. Okay. Thank you so much. Thank you very much. Anything further Mr. Henderson? All right, well thanks to you both. I appreciate your coming all the way to Chicago for what's obviously a brief proceeding, but we do appreciate it and the case will be taken under advisement. The court will now stand in recess.